IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ELGIN R. ROBINSON, JR.,

                Plaintiff,

      vs.                                    Case No. 22-3051-SAC

CITY OF WICHITA, KANSAS, et al.,

                Defendants.

MEMORANDUM AND ORDER

      This pro se civil rights action is brought by the plaintiff Elgin R. Robinson, Jr. ("Robinson"), an inmate at Ellsworth Correctional Facility, Ellsworth, Kansas. The court on April 4, 2022 (ECF# 8) issued its screening order on the complaint giving the plaintiff the opportunity to file a proper amended complaint curing all discussed deficiencies. Robinson also was warned that if he did not file a proper amended complaint, then the matter would be decided upon his deficient complaint and dismissed without further notice. The case comes before the court on Robinson's filing of amended complaints. ECF## 9 and 13.

      The court's initial screening order described the plaintiff's action as challenging the constitutionality of the Wichita Police Department's ("WPD's") Policies 901 and 902 on their face and as applied to him. ECF# 8, p. 1. Robinson's original complaint sued not just the WPD, but its former chief, Gordon Ramsey, and Lieutenant Kim Warehime, in their official capacities. He alleged the defendants violated his constitutional rights and covered-up a detective's criminal conduct by not internally investigating the detective upon his written complaint filed with the WPD. Robinson further asserted the defendants wrongly relied upon WPD Policies 901 and

902 as prohibiting internal investigations of officers for allegedly committing wrongful conduct in a court of law. ECF# 1, p. 6.

The court's screening order found the plaintiff's complaint lacked factual support for the claims, details for arguing any improper conviction, and dates for alleged constitutional violations. The court explained that should the plaintiff be wanting to challenge his state conviction and sentence, his avenue for relief was not 42 U.S.C. § 1983 but a habeas corpus proceeding which requires an exhaustion of state court remedies. ECF# 8, p. 5. The court also explained that any § 1983 action for monetary damages based upon an invalid conviction or sentence is "not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order." *Id.* (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). The court discussed that the plaintiff has filed several habeas proceedings in federal court and summarized the holding in the latest.

Robinson then filed a 19-page amended complaint (ECF# 9) and a supporting response (ECF# 10). The plaintiff "specifically declares" that he is not challenging the fact of his incarceration or its length and is not seeking to invalidate his conviction. ECF# 10, p. 2. The plaintiff followed up with a motion for leave to amend his complaint. ECF# 11. The court denied Robinson's motion without prejudice, because he had failed to attach his proposed second amended complaint ECF# 12. The plaintiff has now filed a motion for leave to amend his complaint and attaches his proposed second amended complaint with supporting exhibits. ECF# 13. The court grants the plaintiff's motion for leave to file a second amended complaint and screens this pleading pursuant to 28 U.S.C. § 1915A(a). The clerk shall file the

2

plaintiff's second amended complaint upon the filing of this order. The court will proceed with screening the SAC as if filed and will cite to the attached pleading at ECF# 13-2.

The screening court must dismiss the entire complaint or any part of it that, "is frivolous, malicious, or fails to state a claim upon which relief can be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

The same standard used for Fed. R. Civ. P. 12(b)(6) motions is used for § 1915 dismissals, and this includes the newer language and meaning taken from *Twombly* and its "plausibility" determination. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). The Tenth Circuit has made clear, "that, to state a claim in federal court, a complaint must explain what each

defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

**Second Amended Complaint ("SAC")**

The plaintiff's SAC is against the same three defendants and alleges these defendants violated his constitutional rights to free speech, access to federal courts, and equal protection by relying on WPD policies 901 and 902 in not investigating his complaints about Detective Tim Relph's "crime of perjury in a court proceeding," and instead, "in avoiding and ignoring the crimes committed by Det. Relph." ECF# 13-2 p. 5. Attached to the SAC is a copy of a letter dated May 25, 2021, and signed by Lieutenant Warehime, which states in part:

> A review of your complaint, documented by Professional Standards Bureau (PSB) number 21 PSB-1161, was initiated after the WPD received your written complain concerning officer's conduct during a Sedgwick County, Kansas 18th Judicial District Court case, documented by 2006CR1523. All court proceedings and information pertaining to those proceedings are under the purview of the court in which they occur, and the WPD has no authority over them. We encourage you to contact the court, in this matter.

ECF# 13-2, p. 6; #13-3, p. 4. The plaintiff alleges he has learned that Lieutenant Warehime relied on WPD policies to not investigate his complaint, and he asserts these policies are unconstitutionally vague. He asserts the WPD's refusal to investigate his complaint denied him access to the courts. The plaintiff further alleges

that after receiving the WPD's denial letter he contacted the Chief Judge of Sedgwick

County District Court. In October of 2021, Robinson received correspondence from the

Chief Judge stating:

> The court clerks have forwarded to me your correspondence dated October 14, 2021 and the enclosures included. To answer your question, the district court does not investigate criminal offenses such as perjury. That is the role of the executive branch, not the judicial branch.
> Your question whether the district court "is the proper venue for my complaint" is somewhat unclear. The district court is not the appropriate venue for administrative complaints or ethics complaints. If by the word "complaint" you mean the initiation of a civil lawsuit seeking money damages, then the district court is the appropriate venue to file such a lawsuit.

ECF# 13-3, p. 5. From these alleged circumstances, Robinson summarily asserts:

> The day the Defendants Kim Warehime and Gordon Ramsay used Policies 901 and 902 to ignore and cover-up known evidence of perjury, and then sent Plaintiff on the wild-goose-chase (May 25, 2021), is the day Plaintiff discovered that his right to Redress his Grievances were being grossly violated, causing significant injury. Plaintiff had no idea that such policies were unconstitutionally broad and vague, and . . . the cause of his damages.

ECF# 13-2, p. 13.

Over the span of almost 25 pages, the plaintiff repeatedly alleges the

denial of his complaint for a WPD internal investigation violated his constitutional

rights. He principally claims his constitutional right of access to courts has been

denied, because WPD Policies 901 and 902 "create legal hurdles that he cannot

overcome" as the government denies knowledge and possession of information that is

the subject of his written complaint for an internal investigation. *Id*. at p. 14. The

court presumes Robinson's allegation of the government denying knowledge and

information refers to his state criminal proceedings. He attaches a state district court

order dated August 12, 2015, that denied his pro se post-conviction motion to compel

*Brady/Giglio* information pertaining to Detective Tim Relph. ECF# 13-3, p. 7.

5

Robinson filed this motion in his state criminal case, *State of Kansas v. Elgin R. Robinson*, No. 06-CR-1523, Sedgwick County District Court. He was convicted and sentenced in that case for several felonies including, capital murder, rape, and aggravated kidnapping, and his convictions and sentence were affirmed by the Kansas Supreme Court, *State v. Robinson*, 293 Kan. 1002, 270 P.3d 1183 (2012). As discussed in the prior screening order, the defendant's conviction has been the subject of state and federal habeas proceedings. The state district court's 2015 order denied Robinson's pro se post-conviction motion, because the state averred that it did not possess "any *Brady/Giglio* information regarding Detective Relph." ECF# 13-3, p. 7. The plaintiff does not allege how the WPD's recent denial of his citizen complaint prejudiced or interfered with his postconviction motion filed five years earlier. The plaintiff makes no more than blanket assertions that WPD's discretionary denial of his citizen complaint for an investigation amounts to a denial of his due process and equal protection rights under the Fourteenth Amendment and his right of access to courts under the First Amendment. The plaintiff also accuses the defendants of using these policies to cover up WPD's violations of *Brady/Giglio* requirements. This summarizes the SAC's central claims which the plaintiff repetitiously asserts.

For relief, the SAC requests a declaratory judgment that the defendants' policies are unconstitutionally vague and have been applied to deny the plaintiff's constitutional right of access to the courts and "to obtain meaningful review of his petition." ECF# 13-2, p. 26. He also prays for injunctive relief to bar the defendants from using these policies and to compel the defendants to issue policies that authorize the WPD to investigate officers' criminal conduct committed in a court

proceeding. *Id.* Finally, the plaintiff reiterates in bolded and capitalized type the following:

> It should be noted that the plaintiff is <u>not</u> seeking a judgment that would invalidate or implicate his criminal conviction. Nor is plaintiff seeking a judgment that would dictate any criminal proceeding. Plaintiff is only seeking judgment that will remove the current barriers that block him court access to obtain a meaningful review of claims. Plaintiff only seeks judgments that will allow him "<u>court access</u>" without interference, to obtain a meaningful review of his claims as permitted by his first and fourteenth amendment rights.

ECF# 13-2, p. 27.

**Analysis**

In response to the show cause order, the plaintiff denies he is seeking relief that would "invalidate or implicate his criminal conviction" or sentence. Instead, he brings this civil rights action based on his 2021 filing of a written citizen's complaint with the WPD for an internal investigation of Detective Relph's testimony in his state criminal case. The plaintiff does not attach a copy of his complaint but indicates that it accuses Detective Relph of committing perjury in the Sedgwick County criminal case. The WPD declined to investigate his 2021 complaint saying that it lacked authority and information, as the alleged misconduct occurred during proceedings in state court and all such proceedings and information "are under the purview of the court in which they occur." ECF# 13-2, p. 6. The plaintiff seeks to make a civil rights action out of the WPD's denial of his written complaint for an internal investigation of a WPD officer. Nothing asserted by the plaintiff amounts to a viable claim for a constitutional right violation based upon the WPD's denial of his citizen's complaint to investigate.

7

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). For a § 1983 claim, the analysis begins by identifying the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). The validity of the claim then must be judged by reference to the specific constitutional standard which governs that right. *Id*. As the Supreme Court said back in 1987:

> Prison walls do not form a barrier separating prison inmates from the protections of the Constitution. Hence, for example, prisoners retain the constitutional right to petition the government for the redress of grievances, *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); they are protected against invidious racial discrimination by the Equal Protection Clause of the Fourteenth Amendment, *Lee v. Washington*, 390 U.S. 333, 88 S.Ct. 994, 19 L.Ed.2d 1212 (1968); and they enjoy the protections of due process, *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Because prisoners retain these rights, "[w]hen a prison regulation or practice offends a fundamental constitutional guarantee, federal courts will discharge their duty to protect constitutional rights." *Procunier v. Martinez*, 416 U.S., at 405–406, 94 S.Ct., at 1807–08.

*Turner v. Safley*, 482 U.S. 78, 84 (1987). The plaintiff here is not challenging a prison regulation or practice but a policy of the WPD for handling citizen complaints against its officers. The plaintiff does not allege any circumstance plausibly showing any constitutional right arising from that policy or any discriminatory application of the policy to him.

Because the plaintiff disavows that this action is based on any right or injury connected to his state criminal proceedings and further denies seeking any relief that would implicate his criminal conviction, he must establish a constitutional

right arising from his filing of a written citizen's complaint with the WPD for an investigation of a WPD officer. The plaintiff fails to allege any plausible claim for such a constitutional right in his SAC. Following the court's initial screening order, Robinson has filed nothing that supports any reasonable inference of a constitutional right existing on the facts here. He does not allege or cite any laws that give him any rights or protectible interests upon filing a citizen's complaint with the police department for an internal investigation. The WPD policies attached to his SAC complaint do not provide any arguable basis for a protectible property or liberty interest. Most importantly, as laid out below, the general case law firmly establishes the plaintiff does not have any constitutional right for having filed a written citizen's complaint for an investigation of a police detective and for the department's discretionary denial of his complaint to investigate.

There is no substantive or procedural due process right to an internal investigation by law enforcement officials of a complaint that officers engaged in misconduct. *See Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2005) (holding there is no substantive or procedural due process right to an internal investigation by the sheriff's department of plaintiff's claim that he was subjected to excessive force by sheriff's deputies); *Scher v. Chief Postal Inspector*, 973 F.2d 682, 683-84 (8th Cir. 1992) ("no independent constitutional right to have postal employees investigate their complaints" that prison officials were tampering with inmates' mail); *Robinson v. U.S., Federal Bureau of Investigation*, 185 Fed. Appx. 347, 348 (5th Cir. 2006) (there is no basis for a civil rights action from the alleged failure of federal and state entities to investigate and act upon the plaintiff's complaints that other parties

violated his rights). The case law is also clear that the plaintiff's filing of a written

complaint does not trigger any constitutional right to have the police department

investigate and act upon the plaintiff's complaint:

> There is no constitutional right to have law enforcement investigate complaints
> against other parties or to have a state actor report an alleged crime to a
> charging authority. *See Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768
> (2005)(no due process right to have someone else arrested for a crime); *Webb
> v. Caldwell*, 664 Fed. Appx. 695, 696 (10th Cir. 2016)(no constitutional right to
> have action taken against a person who threatened plaintiff); *Linda R.S. v.
> Richard D.*, 410 U.S. 614, 619 (1973)(no constitutional interest in prosecution or
> nonprosecution of another); *Phillips v. Kerns*, 483 Fed. Appx. 400, 402 (10th
> Cir. 2012)(no constitutional right to transmittal of report to district attorney
> and other procedures); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990)(no
> constitutional right to have Sheriff file charges against guards who beat
> plaintiff). Plaintiff's allegations that he reported a crime to Officer Mason but
> that nothing happened, fail to describe a violation of a constitutional right and
> therefore fail to state a plausible claim under § 1983.

*Butler v. Atchison Police Department*, No. 19-3167-SAC, 2019 WL 4640582, at *2 (D.

Kan. Sep. 24, 2019). The courts are emphatic that a plaintiff lacks any constitutional

right to require law enforcement agencies to investigate complaints of alleged

criminal conduct by others:

> Also, there is no constitutional right to have law enforcement investigate
> complaints against other parties or to have a state actor report an alleged
> crime to a charging authority. *See Mitchell v. McNeil*, 487 F.3d 374, 378 (6th
> Cir. 2007)("There is no statutory or common law right, much less a
> constitutional right, to an investigation"; *Geiger v. Jowers*, 404 F.3d 371, 373
> (5th Cir. 2005)(no "federally protected liberty interest" in a certain resolution
> or investigation of grievances); *Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th
> Cir. 2002)(no entitlement to an internal investigation by Sheriff's Department
> of police brutality complaint); *Banks v. Annucci*, 48 F.Supp.3d 394, 414
> (N.D.N.Y. 2014)("inmates do not enjoy a constitutional right to an investigation
> of any kind by government officials"); *see also Burnett v. Allbaugh*, 715 Fed.
> Appx. 848, 850 (10th Cir. 2017)(no constitutional right to a state grievance
> procedure); *Boyd v. Werholtz*, 443 Fed. Appx. 331, 332 (10th Cir. 2011)(inmate
> has not constitutional right to a state administrative grievance procedure).

*Speer v. Beardsley*, No. 20-3075-SAC, 2020 WL 4785426, at *5 (D. Kan. Aug. 18, 2020)

The case law cited and summarized above firmly establish that no constitutional right is triggered by the plaintiff simply filing a complaint with a law enforcement agency to investigate alleged criminal conduct by one of its officers. Courts uniformly have found no viable constitutional claim on allegations of failure to investigate complaints of officers' misconduct. *See, e.g., Ervin v. Woodfin*, No. 21-751-MHH, 2022 WL 1018642, at *3 (N.D. Ala. Apr. 5, 2022) (no "constitutional right to compel an investigation of police officers" (citations omitted)); *Peterson v. City of North St. Paul*, No. 21-CV-458, 2021 WL 5235092, at *5 (D. Minn. Nov. 10, 2021) (no constitutionally protected interest in the investigation of police misconduct arises from a police department policy that merely outlines procedures for investigating misconduct without mandating specific outcomes); *Taylor v. Sedgwick County Board of Commissioners*, No. 18-2674-DDC, 2019 WL 4752044, at *11 (D. Kan. Sep. 30, 2019) (conclusory allegations of sheriff's failure to investigate complaint that the plaintiff's legal rights were violated does not state a plausible claim for relief); *McMillan v. Vaught,* No. 19-591, 2019 WL 8223613, at *3 (E.D. Va. Sep. 10, 2019) (the plaintiff has "no federal right" to have investigated her complaints against police officers for misconduct that included giving false testimony at trial); *Floyd v. County of Miami-Dade*, No. 17-CV-21709, 2017 WL 11568106, at *5 (S.D. Fla. May 18, 2017), *report and recommendation adopted*, No. 17-21709-CIV, 2018 WL 11216839 (S.D. Fla. June 14, 2018) (without a right to an investigation for police misconduct, no denial of due process can be claimed); *Lewis v. Gallivan*, 315 F.Supp.2d 313, 316-17 (W.D.N.Y. 2004) (no constitutional claim stated against Sheriff and district attorney for not

11

investigating and prosecuting the plaintiff's claims against correctional officers, as "the law is well settled that no private citizen has a constitutional right to bring a criminal complaint against another individual" and "[t]here is . . . no constitutional right to an investigation by government officials." (internal quotation marks and citations omitted)). Therefore, the plaintiff has no constitutional injury from which to challenge the defendants' policies used in the discretionary denial of his complaint.

Nor can the plaintiff state any First Amendment or equal protection claim on the facts of this case. The Sixth Circuit held in a case with similar facts:

> The only action of which Franklin complains that occurred within the one year prior to the filing of her complaint was the receipt of an August 2015 letter from the LMPD Merit Board. In this letter, the Board advised Franklin that it lacked jurisdiction over her complaint "against the [LMPD]'s policy of not investigating all complaints against police officers equally per [Kentucky Revised Statutes] 15.520." Franklin's assertion that this ruling deprived her of her First Amendment right to petition the government "to redress a grievance" fails to state a claim under the First Amendment's petition clause. "A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). It also fails to state a claim of denial of access to the courts. To state such a claim, a plaintiff must show that the defendants interfered with her access to the courts and that she suffered prejudice stemming from that interference through the loss of a non-frivolous claim. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). Franklin's vague and undeveloped allegations about the photograph she found in 2013 and the alteration of a transcript fall far short of showing that the defendants' conduct caused her to lose a non-frivolous challenge to her conviction. In addition, Franklin alleged that, by rejecting her complaint in August 2015, the LMPD Merit Board "discriminated against [her] due to the fact that she is a prisoner." This wholly conclusory allegation, unsupported by any facts, fails to state a plausible constitutional claim. *See Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008).

*Franklin v. Fisher*, No. 16-6464, 2017 WL 4404624, at *3 (6th Cir. May 15, 2017). There is nothing in the circumstances alleged here to show that the plaintiff's access to the courts in challenging his state criminal conviction has been denied or interfered with.

He has not shown any prejudice to his ability to bring or continue any non-frivolous challenge to his conviction. Nor has the plaintiff alleged anything to show a discriminatory denial of his citizen's complaint. In short, nothing about this case points to any possible facts that would sustain a plausible First Amendment or Equal Protection claim.

Additionally, the frequent holding of this court has been that local police departments, under Kansas law, are governmental sub-units which may not sue or be sued; instead, the city or county is the proper defendant. Therefore, the court has dismissed local police departments as defendants in § 1983 actions. E.g., *Butler v. Atchison Police Department*, 2019 WL 4640582, at *3; *Madkins v. Platt*, No. 15-3101-SAC, 2017 WL 3149299 *3 (D. Kan. Jul. 25, 2017); *Ward v. Lenexa, Kansas Police Dept.*, No. 12-2642-KHV, 2014 WL 1775612 *4 (D. Kan. May 5, 2014); *Rivera v. Riley County Police Department*, No. 11-2067-JAR, 2011 WL 4686554 *2 (D. Kan. Oct. 4, 2011). The WPD is not a proper defendant in this case.

IT IS THEREFORE ORDERED that the plaintiff's motion for leave to file SAC (ECF# 13) is granted and the clerk shall file separately the SAC and supporting exhibits attached to the plaintiff's motion (ECF## 13-2 and 13-3);

IT IS FURTHER ORDERED that the court has screened the plaintiff's SAC, as attached (ECF## 13-2 and 13-3) and dismisses the SAC as hereafter filed with prejudice for failure to state a claim for relief for all the reasons stated in this order and in the court's prior screening order (ECF# 8).

Dated this 12th day of May, 2022, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge